IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLAYTON YOUNG, #330828 * <br>     Plaintiff, <br>                                * <br> v. <br>                                <br> STEPHANIE BARTHLOW * <br> JACK CRAGWAY <br> SALLY DAVIS * <br> DENNIS LAGENTRY <br> TERESA LAVIANO * <br>     Defendants. | CIVIL ACTION NO. RWT-07-662 |

\*\*\*\*\*

**<u>MEMORANDUM OPINION</u>**

Plaintiff is currently housed at the Jessup Pre-Release Unit ("JPRU"). Plaintiff alleges he suffered discrimination at the hands of the administrators and staff at the JPRU. He brings this action under the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 504, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101.

Pending before the Court are Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and Plaintiff's Motion for Summary Judgment. (Paper Nos. 20 & 27). The matter has been fully briefed. The Court concludes that an oral hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted.

FACTUAL BACKGROUND

Plaintiff claims that although he completed the Employment Readiness Workshop at JPRU, he has been refused the monthly ten-day educational diminution credits and pay which were received by other inmates who completed the program. (Paper No. 1). He alleges that he has been

denied these benefits because he is "physically challenged" and contends that this violates the ADA and RA.[1]  (Paper No. 1).

Defendants claim that Plaintiff's Complaint is moot because Plaintiff has received his pay and diminution credits.  According to their exhibits, in February of 2007, Plaintiff completed an employment readiness workshop.  On February 8, 2007, he received five special project diminution credits and five posted educational credits for his participation.  On March 13, 2007, Plaintiff received $19.00 pay for his workshop participation.[2]

Despite the aforementioned documentation, Plaintiff contends that Defendants discriminated against him due to his disability and that he was denied the benefits of pay and diminution credits.[3]

STANDARD OF REVIEW

Summary judgment is appropriate when there are no issues of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The court must view the evidence in the light most favorable to the non-moving party.  Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006).  "A material fact is one that 'might affect the outcome of the suit under the governing law."  Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute of material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.  To avoid summary judgment, the non-moving party "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Id. at 256.

---

[1]  Plaintiff has filed several additional pleadings relating to: (1) his medical unassigned status effective May 29, 2006; (2) the alleged award of diminution credits (housing and educational credits); (3) his "transfer from medically unassigned to college student" in October of 2006; (4) and his claim with the State Treasurer. (Paper Nos. 15 16, 18, & 31).

[2]  Defendants further assert that the Complaint fails to state a claim because no allegations are set out against the named Defendants in the body of the Complaint.

[3]  Plaintiff claims the pay he received in March of 2007 was for a computer class.

ANALYSIS

Plaintiff has failed to demonstrate that his rights under the ADA and RA were violated. Title II of the ADA, 42 U.S.C. § 12131, et seq., prohibits qualified individuals with disabilities from being excluded from participation in or being denied the benefits of the services, programs, or activities of a public entity. To make out a prima facie case under the ADA, Plaintiff must show that: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) "he was excluded from the employment or benefit due to discrimination solely on the basis of the disability." Doe v. Univ. of Maryland Med. Sys., 50 F.3d 1261, 1265 (4th Cir. 1995); *see also* Hallett v. New York, 109 F.Supp.2d 190, 198 (S.D. N.Y. 2000).

To establish a violation of the RA, Plaintiff must show he: (1) is a qualified individual with a disability; (2) was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) was excluded from the program or activity due to discrimination based solely on his disability. See 29 U.S.C. § 794(a); Doe, 50 F.3d at 1265; Bane v. Virgina Dep't of Corr, 267 F.Supp.2d 514, 520 (W.D. Va. 2003). Consequently, both the ADA and RA require that Plaintiff show wrongful discrimination based upon his disability. In this case, Plaintiff has failed to offer any evidence of a qualifying disability or wrongful discrimination based on that disability.

Furthermore, the ADA defines "public entity" as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." See 42 U.S.C. § 12131(1)(A)-(B). The term "public entity" does not include individuals. Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999); see also 42 U.S.C. § 12131(1). "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person . . . [therefore] there is no personal liability under Title II." Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000); accord Miller v. King, 384 F.3d 1248, 1276-77 (11th Cir. 2004). Because individual liability is precluded under ADA Title II, Plaintiff's ADA claims against the individuals named in this suit must fail.

The RA provides disabled individuals with redress for discrimination by a "public entity" which receives federal funds. Individual liability is not contemplated under § 504 of the RA. See

3

Lollar v. Baker, 196 F.3d 603, 609 (5th Cir. 1999); Dunion v. Thomas, 457 F.Supp.2d 119 (D. Conn. 2006); Calloway v. Boro of Glassboro Dep't of Police, 89 F.Supp.2d 543, 557 (D. N.J. 2000). Therefore, Plaintiff's RA claims cannot continue against the individuals named in this suit.

## CONCLUSION

Having found no genuine dispute of material fact justifying a trial on the merits in this case, the Court shall grant Defendants' Motion for Summary Judgment. A separate order follows.

Date: 11/7/07                                              /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE